UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JENNIFER DAVIS,                              Civil No:

                    Plaintiff,             **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

   -against-                                **DEMAND FOR JURY TRIAL**

ALLY FINANCIAL, INC.,

                    Defendant.
-------------------------------------------------------------X

Plaintiff JENNIFER DAVIS ("Plaintiff"), by and through her attorneys, Marcus & Zelman, LLC, as and for her Complaint against the Defendant ALLY FINANCIAL, INC. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing*, 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

4. Plaintiff is a resident of the State of New York, Suffolk County, residing in Patchogue, New York.

5. Defendant ALLY FINANCIAL, INC. ("Ally" or "Defendant") is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Detroit, Michigan.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FIRST CAUSE OF ACTION
*(Ally Financial's Violations of the TCPA)*

8. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling her cell phone number of (917) 688-5072 on dozens of occasions .

10. Plaintiff is the sole subscriber of the Metro PCS account bearing the phone number of (917) 688-5072, and has been the sole subscriber of that account at all times relevant hereto.

11. Plaintiff is the sole party financially responsible for the payment of the Metro PCS account bearing the phone number of (917) 688-5072, and has been the sole party financially responsible for that account at all times relevant hereto.

12. Plaintiff is the customary and sole user of the cellular phone number (917) 688-5072, and has been the customary and sole user of that phone number at all times relevant hereto.

13. The Defendant called from numerous phone numbers, including but not limited to 888-650-4831, 888-235-9513 and 888-282-3139, all of which phone numbers belongs to Defendant.

14. Plaintiff confirmed these phone numbers as belonging to the Defendant by calling

each of the phone numbers and being greeted by a female computerized voice stating:

"Welcome to Ally Financial".

15. Defendant specifically used an automated telephone dialing to call the Plaintiff on her cell phone on at least five occasions on February 1, 2016 alone, amongst numerous other dates.

16. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of up to six calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone, (5) the methodical placement of three to six calls on a daily basis, and (6) back-to-back calls after the Plaintiff would answer or ignore the first such call.

17. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system or prerecorded voice.

18. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling her cell phone number on numerous occasions, including in September of 2015, on January 17, 2016 and on June 29, 2016.

19. During the Plaintiff's numerous conversations with the Defendant, the Plaintiff specifically advised the Defendant to cease calling her.

20. The Defendant then continued to make repeated calls to the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice.

21. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

22. By continuing to place auto-dialed calls and pre-recorded messages to the Plaintiff's cellular phone after specifically instructed to stop calling, the Defendant willfully violated the TCPA on dozens, if not hundreds, of occasions.

23. Plaintiff has suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of her cellular phone during the times that the Defendant was calling her phone, reduced her voicemail inbox capacity and occasionally deprived her of her voicemail entirely when the Defendant's voicemails would fill her inbox to capacity, depleted her battery life, and invaded on the Plaintiff's right to privacy and seclusion.

24. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed by refusing to cease those incessant calls despite Plaintiff's repeated pleas for the calls to stop.  The Defendant's repeated calls further interrupted the Plaintiff's day, interfered with her job by repeatedly calling her at work and wasted the Plaintiff's time spent answering and otherwise addressing these repeated robocalls.

25. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

26. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

27. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

  A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

  B.  Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

  C.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      August 11, 2016

Respectfully submitted,

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Email: ari@marcuszelman.com
Attorneys for Plaintiff